UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIO FERNANDEZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>BEEHIVE BEER DISTRIBUTING CORP.<br>d/b/a WINDMILL DISTRIBUTING CO.,<br><br>                    Defendant. | 12 Civ. 01968<br><br>**OPINION** |

Plaintiff Dario Fernandez brings this employment action against defendant Beehive Beer Distributing Corp. doing business as Windmill Distributing Co. Fernandez alleges that he sustained injuries during his employment and seeks relief under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296, et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a).

Fernandez moves (1) to remove the default judgment entered by this court against Beehive and (2) to amend his complaint to list Windmill as a defendant. Both motions are granted.

**Background**

Dario Fernandez filed a complaint on March 16, 2012, against his former employer, Beehive. Fernandez served his complaint on Horace Atkins, who defendant now knows is employed by Phoenix Beverages, Inc. as a human

1

resource specialist. In his complaint, Fernandez alleges that he injured his back while lifting a keg in the course of his employment duties. He further alleges that his employer unlawfully denied him of his right to take an unpaid medical leave and that his employer then retaliated against him when he returned to work by terminating his employment. At no point during the litigation did anyone make an appearance on behalf of Beehive. On August 27, 2012, the clerk of court entered a default judgment against Beehive, and Fernandez served copies of the moving papers on Angelo Sgro, who defendant now knows is the human resources director at Windmill. On April 20, 2012, this court awarded $181,013.06 to Fernandez.

After the judgment was entered, Fernandez discovered that Beehive is not an active New York entity and that Windmill, which is an active New York entity, conducts business under the name Beehive. In fact, Windmill, which is a major beer distributor in the greater New York metropolitan area, does business as Phoenix Beverages in all markets, except two where it does business as Beehive Distributing.

On June 14, 2013, Fernandez filed a motion to remove default judgment against Beehive and to amend his complaint to name Windmill as a defendant. On August 30, 2013, Windmill filed a cross-motion assenting to Fernandez's request to set aside the default judgment and file an amended complaint. Windmill filed a cross-motion in order to supplement the record and advance its own argument as to why the court should remove the default judgment.

2

The court addresses these two issues in turn— (1) removal of default judgment and (2) right to amend the complaint— and the court also addresses a third issue that was only raised by Fernandez— whether Windmill has the right to answer Fernandez's complaint.

## Discussion

First, under Federal Rule of Civil Procedure 60(b)(6), the court may relieve a party or its legal representative from a final judgment for any reason that justifies relief. "A court may exercise its discretionary power under the rule whenever appropriate to accomplish justice. The Rule is properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship and should be liberally construed when substantial justice will thus be served." Quevedo v. Postmaster, U.S. Postal Serv., 774 F. Supp. 837, 839 (S.D.N.Y. 1991) (internal citations omitted). Both parties agree that the court should vacate the default judgment against Beehive as it is not a legal entity from which Fernandez can obtain relief and that Windmill is the actual defendant in this case. Accordingly, pursuant to Rule 60(b)(6), the court vacates the judgment.

Second, under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required. This is the first time that Fernandez has moved to amend his complaint, and Windmill has assented to Fernandez's request. The court grants Fernandez's request to amend his complaint, and

under Federal Rule of Civil Procedure 15(c), finds that the amended complaint relates back to the date of the timely filed original pleading. See <u>William H. McGee & Co. v. MV Ming Plenty</u>, 164 F.R.D. 601, 606 (S.D.N.Y. 1995) ("[t]he misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back").

Third, Windmill may file an answer to the amended complaint. Fernandez has argued that Windmill may not file an answer because Windmill knew, or should have known, of Fernandez's original complaint against Beehive. This argument is without merit. To date, Windmill has not been a named defendant in this action and pursuant to Federal Rule of Civil Procedure 12, once Windmill is named in the amended complaint, it must be able to file an answer.

At this point, the court denies any requests for attorney's fees.

This opinion resolves the motions listed as document numbers 15, 19, and 23.

SO ORDERED.

Dated: New York, New York
November 22, 2013

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/13

4