UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIO FERNANDEZ,<br><br>                    Plaintiff,<br><br>      v.<br><br>WINDMILL DISTRIB. CO., et al.<br><br>                    Defendants. | No. 12-cv-1968<br><br>**OPINION** |

Plaintiff Dario Fernandez has brought this action pursuant to the Family Medical Leave Act ("FMLA"), 28 U.S.C. § 2601 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. McKinney's Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, § 8-101 et seq. Am. Compl., ECF No. 31. Now before the court is defendants' motion for reconsideration, pursuant to Local Civil Rule 6.3, of this court's February 4, 2016 opinion granting in part and denying in part defendants' motion to dismiss. Op., ECF No. 56; Mot. for Recons., ECF Nos. 57–58. For the reasons that follow, the court denies defendants' motion.

## Background

Plaintiff's statutory claims arise from his employment at defendants' beer and wine distribution company and his on-the-job injury in August 2009. ECF No. 31. Defendants moved to dismiss the amended complaint by arguing that plaintiff was party to his union's Collective Bargaining Agreement ("CBA") which,

in turn, required him arbitrate his employment-related claims. The motion to dismiss also presented the argument that plaintiff's amended complaint failed to state a cause of action under the NYSHRL and the NYCHRL. Mot. to Dismiss, ECF Nos. 40–42.

In moving to dismiss, defendants asked the court to consider materials outside the complaint. Plaintiff opposed the substance of defendants' motion and argued that defendants' motion to dismiss was procedurally improper because it attached extrinsic documents, and should therefore have been converted into a motion for summary judgment. Defendants replied, agreeing that their motion to dismiss should be converted but otherwise disputing plaintiff's opposition.

On February 4, 2016, this court granted in part and denied in part defendants' motion to dismiss the amended complaint. Specifically, the court held that plaintiff's statutory claims need not be arbitrated. Further, the court found that plaintiff's interference and retaliation claims under the FMLA were not well pled, nor was plaintiff's retaliation claim under the NYCHRL. Accordingly, those claims were dismissed. However, the court denied defendants' motion to dismiss as to plaintiff's disability discrimination claims under the NYCHRL and NYSHRL.

On February 18, 2016, defendants moved for reconsideration of the above motion-to-dismiss ruling. That is the motion presently before the court, and in it, defendants contend that it was an abuse of discretion to convert only part of defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss into a Rule

56 motion for summary judgment, that the court's failure to convert the entirety of defendants' motion meant that the court overlooked defendant's judicial estoppel defense, and that the court erred in holding that plaintiff's statutory claims need not be arbitrated. ECF No. 58 at 1–10.

Following defendants' filing of their motion for reconsideration, plaintiff has sought new representation. This court held in abeyance its ruling on the motion for reconsideration, pending plaintiffs' appointment of new counsel. Nearly six months have elapsed since defendants filed their motion for reconsideration, and the court will now consider the motion on the basis of the opening brief alone. Even when considered unopposed, the court concludes that defendants' motion for reconsideration lacks merit.

## Discussion

I. Standard of Law

The Local Civil Rules of this court provide that a party may seek reconsideration of an order upon "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. R. 6.3. Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572–73 (S.D.N.Y. 2011) (citations and quotation marks omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court on the

underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader, 70 F.3d at 257. The court may also grant the motion to "correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). However, the court will deny the motion where the movant "seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257. Without good reason, "a court will 'generally adhere to [its] own earlier decision on a given issue in the same litigation.'" In re Rezulin Liability Litig., 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (quoting Tri-Star Pictures, Inc. v. Leisure Time Prod., B.V., No. 88-cv- 9127, 1992 WL 296314, at *2 (S.D.N.Y. Oct. 6, 1992) (citation omitted)).

II. Application

A. *Conversion*

Defendants' argue that it was an abuse of discretion to convert defendants' motion to dismiss only in part, when both parties seemingly assented to full conversion. Defendants' argument ignores settled law on this point. The decision to convert a party's Rule 12(b) motion into a Rule 56 motion rests squarely within the discretion of the district court. Federal Rule of Civil Procedure 12(c) makes it discretionary with the court to exclude evidence of matters outside the pleadings, and only when court exercises its discretion in favor of the reception of the tendered evidence is the motion for judgment on the pleadings converted to one for summary judgment under Rule 56. See ECF No. 56 at 5 (citing Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)).

4

Defendants have provided no authority to suggest that these principles are somehow less true where the parties have consented to conversion.

Where parts of a motion are severable, a court may use its discretion to convert only part of a motion to dismiss into a motion for summary judgment. See, e.g., Zaldivar v. Anna Bella's Cafe, LLC, No. 11-cv-1198, 2012 WL 642828, at *4 (E.D.N.Y. Feb. 28, 2012). Of course, when the court decides issues that have not been converted, the court uses the motion to dismiss standard.

That the parties attached extrinsic documents to their filings does not impose on the court any requirement to convert. Rather, a district court is not required to convert "unless there is reason to believe that the extrinsic evidence actually affected the district court's decision and thus was not at least implicitly excluded." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999). Defendants here have made no such showing. Indeed, defendants demonstrate the counter-proposition when they argue that, in declining to convert the entire motion to dismiss into a motion for summary judgment, the court did not consider third-party documents that defendants' attached in support of their judicial estoppel argument. See infra Part B; see also ECF No. 58 at 1, 7–10.

In sum, defendants have not convinced the court that it made an error of fact or law requiring correction of its discretionary decision to convert part of defendants' motion to dismiss.

### B. Judicial Estoppel Defense

Defendants also contend that the court erroneously overlooked their judicial estoppel defense, consideration of which would require the court to examine documents outside the pleadings.

Judicial estoppel is an equitable doctrine that provides that, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001). A litigant who asserts judicial estoppel must establish that "(1) the party against whom judicial estoppel is being asserted advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner." United States v. Hussein, 178 F.3d 125, 130 (2d Cir. 1999) (quotation marks and citation omitted). The doctrine is limited "to situations where the risk of inconsistent results with its impact on judicial integrity is certain." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 147 (2d Cir. 2005).

Defendants asserted a judicial estoppel defense in their motion to dismiss and supported the defense with materials outside of the pleadings. The court declined to convert this portion of the motion to dismiss, and so any consideration of materials extrinsic to the pleadings would have been improper. Defendants maintain that, even if the court declined to convert the entire motion to dismiss into a motion for summary judgment, the court should have reviewed

6

the extrinsic materials relating to its judicial estoppel defense and should have granted their motion to dismiss on the basis of those materials. This argument is misguided and disregards clear precedent from the Court of Appeals.

In Mitchell v. Drew, 154 F. App'x 235, 237 (2d Cir. 2005), defendants appealed the district court's denial of their motions to dismiss, contending that the district court should have considered their immunity defense. The Court of Appeals pointed out that the record was devoid of any evidence supporting that affirmative defense, and this was in turn because the district court did not accept defendants' submissions of extrinsic evidence. Defendants argued that it was error for the district court to refuse to convert their motions to dismiss into a motion for summary judgment such that the court could consider the submissions. But the Court of Appeals recognized that "[t]he district court's refusal to do so is substantially discretionary, and denial under present circumstances . . . is not error." Id. at *1. Accordingly, the Court of Appeals held that the district court did not abuse its discretion in declining to consider extrinsic evidence, and that a dismissal based on defendants' immunity defense. In short, the Court of Appeals affirmed the district court's holdings in their entirety.

Overlooking clear precedent in Mitchell, defendants cite to Robinson v. Concentra Health Servs., Inc., 781 F.3d 42 (2d Cir. 2015) as sole case law support for their argument. In Robinson, the Court of Appeals affirmed the district court's grant of summary judgment in favor of a defendant employer against a disabled plaintiff in an action involving Title VII, 42 U.S.C. § 1981, and

7

the FMLA. Defendant had never filed a motion to dismiss the amended complaint in that case, and so it was at the summary judgment stage—and only at the summary judgment stage—that the district court considered the defendant's judicial estoppel defense. This procedural point is key because at the summary judgment stage, the court considers the entire record before it.

In the present case, defendants' basis for their judicial estoppel defense is not set forth on the face of the complaint or established by public record. Rather, the court would have to look well beyond the pleadings. Specifically, for defendants' judicial estoppel argument to prevail, this court would have to find, in relevant part, that plaintiff filed for and received injury-related worker's compensation payments, thus representing that he was injured during a time when he simultaneously claims in this case that he was fit to return to work. In other words, the court would have to find that plaintiff maintained an incompatible factual position.

Defendants' judicial estoppel argument fails to appreciate the standard which governed its motion to dismiss. Defendants would have this court infer facts in their favor, but that is clearly not the standard of review for a motion to dismiss. And as explained above, this court used its discretion to decline to convert this portion of defendants' motion to dismiss into a motion for summary judgment. Applying the motion to dismiss standard to 12(b)(6) motion is the logical and requisite corollary to that decision. Thus, the court properly accepted all of plaintiff's well-pleaded factual allegations as true and drew all inferences in plaintiff's favor. Defendants' reliance on judicial estoppel is therefore

unavailing on this motion to dismiss. See Prince v. Suffolk Cnty. Dep't of Health Servs., No. 89-cv-7243, 1996 WL 393528, at *5–*6 (S.D.N.Y. July 12, 1996) (concluding also that application of judicial estoppel defense on a motion to dismiss would improperly require the court to eschew the motion to dismiss standard).

For the above-stated reasons, defendants' arguments concerning judicial estoppel defense do not persuade the court that it committed error warranting reconsideration.

C. *Binding Arbitration*

Defendants' assert that the court committed legal error when it held that the collective bargaining agreement (CBA), to which plaintiff was bound by virtue of his union membership, did not require plaintiff to arbitrate his disputes because the CBA did not specifically reference the antidiscrimination statutes under which plaintiff has brought suit.

In arguing this point, defendants propose an alternate reading of Supreme Court precedent but do not cite to new or different case law, let alone controlling or compelling case law, warranting reconsideration of this court's opinion. Rather, defendants re-argue the points that they made in their motion to dismiss briefing. These are the same points with which this court specifically disagreed in its February 6 opinion. This is a losing approach on a motion for reconsideration. A motion for reconsideration is not a substitute for appeal, Boart Longyear Ltd. v. Alliance Indus., Inc., 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice

its disagreement with the decision. R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y.2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." Boart, 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted).

Defendants also accuse the court of exalting form over substance in requiring the subject CBA to be clear and unmistakable about the statutory rights it purported to subject to mandatory arbitration. But this ignores a point central to 14 Penn Plaza, LLC v. Pyett, 556 U.S. 247 (2009): the Court found that the Age Discrimination in Employment Act, the statute that was explicitly named in the Pyett CBA and the statute at issue in that case, did not specifically remove itself from the National Labor Relations Act (NLRA). Id. at 257–58. In other words, it is a threshold test whether the text of a statute listed in a CBA excepts itself from the NLRA. If the language of a CBA is so general as to require all "discrimination" claims to be arbitrated, a court has no way of discerning whether "Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985)).

Ultimately, defendants disagree with this court's legal conclusions, which they are free to do. But defendants have not provided any compelling reason for the court to depart from its earlier holding, and it declines to do so here.

## Conclusion

For the reasons set forth above, defendants' motion for reconsideration is denied. This resolves ECF Nos. 57–58 on the docket.

SO ORDERED.

Dated: New York, New York
August 17, 2016

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/2016

11