UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARIO FERNANDEZ,

          Plaintiff,

v.

BEEHIVE BEER DISTRIBUTING CORP.
d/b/a WINDMILL DISTRIBUTING CO.,

          Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/19/17

No. 12-cv-01968 (TPG)

**OPINION**

Plaintiff Dario Fernandez moves to dismiss the defendant's First Counterclaim. Defendants Windmill Distributing Co. ("Windmill") seek to offset any damages award in an amount equal to the workers' compensation payments that Fernandez received during the time period relevant to his claim under the Family and Medical Leave Act ("FMLA"). For the reasons set forth below, the court denies the plaintiff's motion to dismiss the defendants' counterclaim.

## BACKGROUND

### A. Facts

The Court recites here only the facts related to Windmill's counterclaim and, for the purposes of this motion, accepts as true the allegations contained therein.

On June 22, 2009, while unloading a full keg of beer in the performance of his duties as a beer delivery driver for Windmill, Fernandez injured his back. ECF No. 80, at 3. Following this incident, Fernandez filed for workers'

compensation payments. ECF No. 80, at 3. On September 15, 2010, on the basis of a medical evaluation performed by orthopedic specialist Dr. Steven Marini, the Workers' Compensation Board ("the Board") concluded that Fernandez's "verified pain and limitation" rendered him unfit for his usual work. ECF No. 80, at 6.

The Board relied on Dr. Marini's conclusions that Fernandez could no longer perform the essential duties of his position as a beer delivery driver, which included the "demands of frequent lifting and driving," and that Fernandez was "limited to performing only sedentary duties." ECF No. 80, at 6. On the ground that his was a "chronic, lifetime condition," the Board allotted Fernandez weekly payments retroactive to June 22, 2009 through April 25, 2016, at which time he would receive a lump sum payment equal to the projected value of his future weekly earnings. ECF No. 80, at 6. Fernandez collected a total of $118,637.75 in weekly payments and received a lump sum payment of $94,448.84 on May 3, 2016. ECF No. 80, at 6.

Following his injury, Fernandez was eligible for and took the twelve-week leave of absence to which he was entitled under the FMLA and, as of September 29, 2009, ceased his duties as a driver for Windmill. ECF No. 80, at 5. The following week, on October 7, 2009, Windmill Human Resources Specialist Vivian Fiscaletti faxed FMLA paperwork to Fernandez's doctor, who completed the necessary forms and confirmed that Fernandez's twelve-week leave of absence had commenced September 29, 2009. ECF No. 80, at 5.

Approximately seventeen weeks later, on January 25, 2010, Fiscaletti held a meeting with Fernandez. ECF No. 80, at 5. During the meeting she stated that Fernandez's absence had exceeded the twelve-week FMLA period—which expired on December 22, 2009—and that he "had not been released as able to perform the essential duties of his position." ECF No. 80, at 5. The result of this meeting was a termination of the employment relationship between Fernandez and Windmill. ECF No. 80, at 6.

## B. Procedural History

Fernandez brought this action on March 16, 2012 pursuant to the Family Medical Leave Act ("FMLA"), 28 U.S.C. § 2601 (2012), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 (McKinney 2017), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, tit. 8, § 8-101. ECF No. 31.

On December 9, 2016, defendants filed an amended answer to the complaints, which included the First Counterclaim. ECF No. 80, at 13. Now before the court is plaintiff's motion to dismiss that counterclaim, which plaintiff filed on December 19, 2016. ECF No. 81.

## LEGAL STANDARD

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538 (PAE), 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 3, 2013) (quoting *Revonate Mfg., LLC v. Acer America Corp.*, No. 12 Civ. 6017 (KBF), 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013) (citations

omitted)). To survive a motion to dismiss under Rule 12(b)(6), a counterclaim must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

A counterclaim has facial plausibility when the counter-plaintiff "pleads factual content that allows the court to draw the reasonable inference that the [counter-defendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a counterclaim must provide more than "a formulaic recitation of the elements of a cause of action," it need not provide "detailed factual allegations." *Twombly*, 550 U.S. at 555. At the motion to dismiss stage, a counter-plaintiff's "short and plain statement" is meant to give the counter-defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In addition, "[i]n deciding a motion to dismiss counterclaims pursuant to Rule 12(b)(6), the allegations in the counterclaims are accepted as true and all reasonable inferences must be drawn in the counter-plaintiff's favor." *Kingvision Pay-Per-View, Ltd. v. Falu*, 2008 WL 318352, at *1 (S.D.N.Y. Feb. 4, 2008).

## DISCUSSION

Fernandez moves to dismiss Windmill's counterclaim on two grounds. First, he argues that the counterclaim is a mere recitation of defendants' affirmative defenses and only "shrouded as a counterclaim." ECF No. 82, at 3. Second, Fernandez argues that the counterclaim lacks sufficient specificity. ECF No. 82, at 4.

With respect to the first argument, while it relies on similar facts, Windmill's counterclaim is not barred as duplicative of its affirmative defense. While Windmill refers to Fernandez's receipt of workers' compensation payments in both its First Affirmative Defense (FMLA) and its First Counterclaim, the same facts are deployed to different ends.

In its affirmative defense to Fernandez's FMLA claim, Windmill refers to the receipt of workers' compensation payments to support its argument that Fernandez is barred "from claiming any violation, and seeking any remedy under the FMLA." ECF No. 80, at 10. Windmill submits that the workers' compensation payments, because they were paid to Fernandez "on the basis that he could no longer perform the essential duties of his job and was limited to sedentary work," establish that Fernandez is "judicially and equitable [sic] estopped" from bringing a claim under the FMLA during that period. ECF No. 80, at 10.

In its First Counterclaim, Windmill refers to the workers' compensation payments for a distinct, albeit related purpose—to support its claim for offset of any potential damages award. Windmill claims that in the event that Fernandez is awarded damages, those damages should account for the "more than $200,000 in workers compensation payments [he] received each week during the same period for which [he] seeks damages" under the FMLA. ECF No. 85, at 2. Thus, while the counterclaim also relies on the fact that Fernandez received workers' compensation payments, it does so for a different purpose and does not merely recite Windmill's affirmative defense.

For the same reasons, Windmill's offset claim is not "an affirmative defense shrouded as a counterclaim." ECF No. 82, at 3. While an offset may be pled as an affirmative defense, it may also be appropriately pled as a counterclaim. *Compare Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) ("On this point, the issue of setoff is an affirmative defense."), *with Valley Disposal Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357, 364 (2d Cir. 1997) ("Under the Federal Rules of Civil Procedure, a defendant's claim of setoff against a plaintiff is to be made by means of counterclaim in its answer to the complaint."). Moreover, in some instances, claims for offset are more appropriately pleaded as counterclaims than as affirmative defenses. *See Valley Disposal Inc.*, 113 F.3d at 364 (noting that setoff is to be made via counterclaim); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 353-54 (N.D.N.Y. 2003) (citing *Middletown Plaza Associates v. Dora Dale of Middletown, Inc.*, 621 F.Supp. 1163, 1165 (D.Conn. 1985) (discussing authority for the proposition that "both set-offs and recoupments are to be pleaded as counterclaims rather than affirmative defenses." (citations omitted)).

Secondly, Fernandez argues that Windmill's counterclaim "fails to identify any specific cause of action" or "any specific claim upon which relief can be granted," such that he is left to defend against a "nonspecific Counterclaim." ECF No. 82, at 4. And indeed, "irrespective of whether a setoff claim is properly characterized as an affirmative defense[] . . . or a compulsory or permissive counterclaim, . . . it must be set forth in the pleadings to provide

a basis for relief." *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 42 (2d Cir. 2009).

Windmill's counterclaim, however, clearly states that it seeks an offset against any future damages award and pleads sufficient facts to support its claim. ECF No. 80, at 15. Windmill submits that Fernandez "was not physically able to resume performing the essential duties of his position" during, or at the conclusion of his twelve-week FMLA leave. ECF No. 80, at 10. Windmill further submits that Fernandez received workers' compensation payments for nearly seven years on the basis of this condition. ECF No. 80, at 10. Windmill states that during this period, Fernandez claims he was able to "return to full-duty work." ECF No. 80, at 14. Windmill thus claims that any damages award Fernandez receives should be reduced by the amount he received in workers' compensation payments. ECF No. 80. The counterclaim thus states a facially plausible claim upon which relief can be granted.

## CONCLUSION

For the reasons given above, the court denies plaintiff's motion to dismiss the defendant's counterclaim. This opinion resolves docket number 81.

SO ORDERED.

Dated: New York, New York
September 18, 2017

Thomas P. Griesa
U.S. District Judge